UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE M. ALEXANDER,

    Plaintiff,

v.

Case No. 4:25-cv-13874
Hon. F. Kay Behm

UNKNOWN MCVEAN,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Deandre M. Alexander filed this civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Alexander is a Michigan prisoner housed at the Cooper Street Correctional Facility, in Jackson, Michigan. Alexander brings this action against Unknown McVean, a food supervisor at his correctional facility, claiming that the defendant subjected him to sexually harassing language. The Court will summarily dismiss the complaint because Alexander fails to state a claim.

I.

Alexander has been granted permission to proceed in forma pauperis. The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner complaint before service on a Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C.

§ 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous complaints also include ones that are based on factual allegations that are "fantastic or delusional." *Id.*, 490 U.S. at 327-28.

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

II.

Alexander asserts that on August 7, 2025, he went to the chow hall at the Cooper Street facility with a written medical accommodation detail for ice. After reviewing the written detail, Alexander asserts Defendant food supervisor McVean said, "who did [you] suck off to get this?" (ECF No. 1, PageID.7.) Alexander responded that he "didn't play like that with MDOC officers," to which McVean replied that he was referring to nurses and not officers. (*Id.*)

Alexander asserts that the exchange was sexually humiliating and degrading and made "with the intention to provoke a hostile and offensive environment since his comments was said in front of other inmates, or to increase[] my risk of abuse and assault." (*Id.*)  The next day Alexander complained to the McVean's supervisor, and he was told to file a grievance. He was subsequently advised that a PREA investigation would be opened. (*Id.*) Alexander asserts that McVean's actions were "reckless and callous" and caused him to suffer "emotional injuries." (*Id.* PageID.8.)

III.

It is well-established that sexual abuse by corrections officers can be sufficiently serious to violate the Eighth Amendment. *See, e.g., Rafferty v. Trumbull Cty. Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (collecting cases). The Sixth Circuit, however, has held that "isolated, brief, and not severe" instances of sexual harassment do not give rise to an Eighth Amendment violation. *Id*. An allegation of verbal sexual harassment, without more, is insufficient. *See, e.g., id*. at 1096 (ruling that prisoner stated Eighth Amendment claim where the alleged abused "did not merely consist of words," but also "entailed forced sexual acts"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's ruling that verbal threat of sexual assault did not violate inmate's constitutional rights); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, *1 (6th Cir. 2000)

3

("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation."); *Green v. Eddy*, No. 1:24-cv-12086, 2025 WL 845176, *3 (E.D. Mich. Mar. 18, 2025) (officer's remark that prisoner should "go f[uck] [him]self" did not implicate the Eighth Amendment); *Cox v. Ross*, No. 2:24-cv-11506, 2024 WL 3071056, *2 (E.D. Mich. June 20, 2024) (citing cases and denying relief on verbal harassment claim); *Sims v. Jarvis*, No. 2:23-cv-163, 2024 WL 3565043, *4 (W.D. Mich. July 29, 2024) (dismissing verbal sexual harassment allegations). Even verbal threats to assault an inmate have been found not to violate a prisoner's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's conclusion that verbal harassment in the form of a threatened sexual assault "was not punishment that violated Miller's constitutional rights.").

    Alexander asserts that defendant engaged in a single, brief incident of verbal harassment that was not accompanied by any physical contact or threat of contact. Colloquially, defendant's alleged comment could be interpreted as a crude and hyperbolic remark rather than one to be understood literally. While the alleged comment was clearly inappropriate, unprofessional and could be perceived as sexually harassing, it was "isolated, brief, and not severe." *See Rafferty*, 915 F.3d at 1095; *see also Green*, 2025 WL 845176, at *3 ("[A]lthough Defendant's alleged remarks may be classified as . . . shameful, unsavory, or unprofessional, they

4

cannot be plausibly classified as unconstitutional."). The comment did not suggest a "pattern of unnecessary and wanton abuse." *See Green*, 2025 WL 845176, at *2.

Plaintiff's allegations of verbal harassment thus fail to state a claim upon which relief may be granted under § 1983.

IV.

Under 28 U.S.C. § 1915(e)(2), the Court summarily dismisses the complaint for failure to state a claim.

**SO ORDERED**.

Date: December 19, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge